## JACKSON, ex dem. Miller and others, *vs.* POTTER.

Where real estate is *devised* to executors with power to sell the same and distribute the proceeds, if the executors die without conveying, the estate descends to the heirs at law, and a conveyance from them is good to pass the estate.

If a conveyance from the executors is not shewn, the presumption is, that they never did convey.

A deed from residuary legatees to an executor to whom an estate was devised with power to sell, though regarded with jealousy in a court of equity, will be enforced at law.

THIS was an action of ejectment, tried at the Onondaga circuit in September, 1828, before the Hon. ENOS T. THROOP, then one of the circuit judges, for the recovery of part of lot No. 65, Cicero.

Abraham Bachman being the owner of the lot by a conveyance from Henry Plimley, the soldier to whom the same was granted, on the 22d October, 1799, made his last will and testament ; whereby, after giving a part of his dwelling house to his wife during widowhood and the

use of another dwelling house and of a store to Jacob F. Miller for five years, and after bequeathing certain legacies, *devised unto his executors* and to the survivors or survivor of them, the rest and residue of his estate, real and personal wheresoever situate, *in trust*, that they should within three months after his decease dispose of his personal property, and within one year from the date of the will sell all real estate, and out of the proceeds pay and satisfy his funeral charges, debts and the legacies given by the will, and within two years after his decease distribute the residue between his three brothers, Joseph, Jacob and David, and his nephew Solomon Bachman, on condition that they should severally give approved security for the payment of $7,50 annually by each of them to his wife during her widowhood towards defraying the expense of pasturing her cows and horses. The executors named were his wife Catharine, Jacob F. Miller, and George Monell. Shortly after making the will, the testator died. On the 20th October, 1800, the residuary legatees named in the will, viz. Joseph, Jacob, David and Solomon Bachman, for the consideration of $4000, granted, bargained, sold, assigned, released and confirmed unto Jacob F. Miller, all the right, share and portion of the residuary part of the estate of Abraham Bachman, given, devised and bequeathed unto them by his last will and testament; and all the right, title, share, interest, dividend or proportion which they then had, or might thereafter become entitled to claim, in and by the said will in or out of the real or personal estate of the testator by virtue of the will, or by any other way or means whatsoever. Catharine, the widow of the testator, and Monell, one other of the executors, died about seven or eight years before the trial. Miller, the other executor, and the grantee in the deed of 20th October, 1800, died 24 years before the trial intestate, leaving a widow and several children who are the lessors of the plaintiff, in this case. Jacob F. Miller, as well as Solomon Bachman, was a nephew of the testator, Abraham Bachman. The testator left no children; his age is not stated, but his brother Joseph would have been 60 years old at the time of the trial, a few years before which he died.

NEW-YORK,
May, 1830.

Jackson
v.
Potter.

A verdict was taken for the plaintiff subject to the opinion of this court.

*K. Miller*, for plaintiff.

*J. Wilkinson*, for defendant.

*By the Court*, Savage, Ch. J.   The only question in this case is, wheather *Jacob F. Miller* had the title by virtue of the will, and conveyance from the residuary lagatees.   It is contended that the devise was to the executors upon conditions, which conditions have not been performed ; that the executor being a trustee, could not purchase from his *cestuis que trust.*

It seems to me quite unnecessary to go into an examination of the cases on these points, for if the act be as contended, the consequence would be that the estate would descend to the heirs at law of Abraham Bachman.   The only relations which are shewn to have survived him are three brothers and two nephews.   He had no children, nor had he a father living for aught appearing in the case.   His brothers and nephews consequently were his heirs at law.   The grantors in the deed to Miller are the three brothers and one of the nephews of the testator, and the grantee is the other nephew.   These persons were the owners of the estate, provided there was no sale by the executors ; and as none is shewn, the presumption is that they never did convey.   It is unnecessary to say what would have been the effect of a conveyance by the last surviving executor ; none such was executed.   Nor is it necessary to inquire whether a court of equity would set aside the sale from the residuary legatees to the executor.   Such conveyances are regarded with jealousy ; and a trustee is never permitted to benefit himself out of the trust property at the expense of his *cestuis que trust.* But these are matters with which we have now no concern. We are examining the legal title ; and find it in the lessors of the plaintiff.   It is said that the grantee could not take by a release, not being in possession.   This instrument is not a technical release ; it contains granting words ; but if it were considered a release, the grantee had a sufficient interest in the premises to receive such conveyance.

The plaintiff is entitled to judgment.