## CAROLINE CATTON *vs.* THOMAS H. TAYLOR and others.

A testator, by the first clause of his will, directed his real estate to be sold, as soon as possible after his decease, at private or public sale, as his executors might agree upon, and after payment of his just debts and expenses of administration, the remaining money raised by the sale to be disposed of thus: To his wife, M. C. $300 annually, for life, and the rest to be divided equally between C. C., E. C. and G. B. And in case of the decease of any one of the three, if married, that share to go to the heirs of the deceased; but if unmarried, then to go to the surviving party or parties. There was no devise of the land to the executors, for any purpose; nor were they authorized to receive the rents and profits thereof.

*Held* 1. That the will merely conferred upon the executors a naked power, not coupled with any trust or interest; and hence it could only be executed by them, and did not survive.

2. That the estate vested in the heirs at law of the testator, at his decease, subject only to be defeated by the execution of the power.

3. That after all the executors had died, without having executed the power, one of the heirs at law could convey his interest in the real estate by mortgage; which interest would be divested by a foreclosure of the mortgage and sale of the premises.

THE plaintiff instituted the above action to recover the possession of certain premises situated in the town of Paltz, in the county of Ulster, of which Charles Catton, senior, died seised, and which are described in the complaint. Charles Catton, senior, made his last will and testament on the 18th day of September, 1815, which was duly proved as a will of real and personal estate. The provision of the will which is material in the disposition of this action is stated in the following opinion. The testator, by his will, appointed his son Charles Catton, junior, and George Bomford the executors thereof. The testator died in the year 1819, seised and in the possession of the said premises. Charles Catton, jun. succeeded him in the possession. *The executors are dead; and did not in their lifetime sell the said premises.* The plaintiff and Charles Catton, jun. were married on the 13th day of May, 1824, and had two children, both of whom died intestate before the commencement of this action. And neither were married. Charles Catton, jun. died on the 22d

of June, 1845, intestate, and was in possession of the premises at the time of his death. On the 6th day of June, 1822, Charles Catton, jun. executed and delivered to George Bomford a mortgage upon the premises, to secure the sum of $1048, which was recorded on the 12th day of August, 1824. The plaintiff did not join in the mortgage, as it was executed prior to her marriage. The mortgage was foreclosed in the court of chancery, and upon the sale Ludlow S. Chittenden became the purchaser of the premises. The defendants gave in evidence a series of conveyances purporting to vest the title to the premises in the defendant Thomas H. Taylor. The action was tried at the Ulster circuit before Justice HOGEBOOM, who directed a verdict in favor of the defendants, and ordered the exceptions to be heard in the first instance at general term.

*H. P. Allen,* for the appellant.

*E. Cook* and *George Gould,* for the respondents.

*By the Court,* INGALLS, J. The determination of this action depends upon the estate which Charles Catton, jun. took under the will. And that depends upon the construction which is to be given to the following provision of said will : "First, my real estate shall be sold as soon as possible after my decease, either by private contract or public sale, just as my executors may agree upon ; and after payment of my just debts, and expenses incurred by the execution of this will, then the remaining money raised by the said sale or contract to be disposed of thus : To my wife Mary Catton shall be paid the sum of three hundred dollars annually, during her life, by my executors. The rest to be equally divided between my son Charles Catton, my daughter Elizabeth Catton and Colonel George Bomford, excepting to George Bomford one hundred pounds, he having received that sum already. In case of the decease of any one of the three, if married, then that share to go to the heirs of the

deceased; but,if unmarried, then to go to the surviving party or parties. If George Bomford shall be the first of the deceased, then his part to go to his present children."

There is no devise of the land to the executors, for any purpose, nor are they authorized to receive the rents and profits, or invested with any interest in, or control over, the land, except to sell the same and divide the proceeds, which, upon the principle of equitable conversion, would be money and not land. (*Willard on Real Estate*, 261. *Meakings* v. *Cromwell*, 5 *N. Y. Rep.* 136, 140.) Even the authority to sell, by the executors, arises by implication, as they are not expressly named as the donees of the power. (*Tucker* v. *Tucker*, 5 *N. Y. Rep.* 408. *Williams' Executors*, 579. *Willard on Real Estate*, 261.) The will merely conferred upon the executors a naked power. It was coupled with no trust or interest, and hence could only be executed by them, and does not survive. The estate vested in the heirs at law of Charles Catton, senior, at his decease, subject only to be defeated by the execution of the power. (*Williams on Ex.* 578.) The author says: "The distinction resulting from the authorities appears to be this, that a devise of the land to executors to sell passes the interest in it, but a devise that *executors shall sell the land, or that the land shall be sold by the executors, gives them but a power.*" (*Note* 1 *to same page.*) Again; "where the testator devised the rest and residue of his estate to be sold by his executors and the money arising from such sale, after paying debts, to be equally divided between his widow and children, and appointed the widow and two others executors, *held that the executors had a naked authority, and that the legal estate descended to the heirs at law.*" (*Bergen* v. *Bennett*, 1 *Caines' Cas. in Er.* 15.) Kent, J. says: "If a man by his will directs his executors to sell his land, *that is but a bare authority without interest, for the land in the mean time descends to the heirs at law, who until the sale would be entitled to the profits,* and being but a naked authority, if one

Catton *v.* Taylor.

executor dies, the power at common law would not survive. But if a man *devises his land to his executors,* to be sold, then there is a power coupled with an interest, for the executors in the mean time take possession of the land and the profits. (4 *Kent's Com.* 320.) ' A devise that executors shall sell, or that the land shall be sold by them, gave them but a power.' A devise of the land to be sold by the executors confers a power and does not give any interest.'' ( *Waldron* v. *McComb,* 1 *Hill,* 111. *S. C.* 3 *id.* 361. *Jackson* v. *Potter,* 4 *Wend.* 672. *Jackson* v. *Schauber,* 7 *Cowen,* 187, 193. *Tucker* v. *Tucker,* 5 *N. Y. Rep.* 409, 413. *Meakings* v. *Cromwell, Id.* 136.)

The cases cited by the appellant's counsel, (*Brewster* v. *Striker,* 2 *Comst.* 19; *Striker* v. *Mott,* 2 *Paige,* 387,) are clearly distinguishable from the case under consideration; as in those cases the power was given expressly to the executors to receive and dispose of the rents and profits for the purposes therein specified. The same distinction exists as to the case of *Leggett* v. *Hunter,* (19 *N. Y. Rep.* 446, 454.)

If I am correct in the construction given to the will, and in the law applicable thereto, it follows that Charles Catton, junior, was, as has been before remarked, at the decease of his father, seised as heir at law of an interest in the land, subject only to be defeated by the execution of the power which has not been, and now, in consequence of the death of *all the executors,* can not be executed. Such interest he conveyed by the said mortgage, and by the foreclosure of which all his interest was divested; and by such foreclosure and the subsequent conveyances, title was acquired by the defendant Thomas H. Taylor in the premises, to the exclusion of the plaintiff. It is unnecessary to express an opinion upon the other questions raised, as the one considered disposes of the case.

A new trial should be denied, with costs, and judgment entered upon the verdict, in favor of the defendants.

[ALBANY GENERAL TERM, March 7, 1864. *Peckham, Potter* and *Ingalls,* Justices.]