NEW YORK COUNTY. — HON. D. C. CALVIN, SURROGATE. — January, 1878.

## JANSSEN *v.* WEMPLE.

*In the matter of the final accounting of* GERARD JANSSEN, *executor under the last will and testament of* FRANCIS BLANCARD, *deceased.*

Where there is a trust in a will merely empowering the executor to sell real estate, without giving him any other power over it, such trust is valid as a power only, and the real estate itself passes to the persons otherwise entitled, subject only to the exercise of the trust as a power.

The provisions of the statute of 1870, (1 *Laws of* 1870, ch. 359, p. 826), — authorizing the Surrogate of New York County to open, vacate and modify, orders and decrees, — was not designed to substitute a motion, for the ordinary review by appeal. No such motion should be entertained upon the same facts upon which the order or decree was originally made, but only upon new facts showing that it was made without jurisdiction, or through inadvertence, by reason of mistake or fraud.

GERARD JANSSEN, executor, &c., of the estate of

Francis Blancard, on the 21st day of February, 1877, filed a petition and obtained an order that Christopher Y. Wemple, as executor, &c., of Caroline E. Blancard, deceased, and as administrator, &c., of Louisa Russ, deceased, show cause why a certain order dated on the 26th day of February, 1873, should not be vacated and set aside, as having been granted under a mistake and misapprehension of the nature of the property left by the testator herein; and also, why the petitioner should not be allowed to make his final account for all the proceeds of the real and personal property of said testator.

On the 6th day of March, 1877, the said Christopher Y. Wemple, executor, &c., of Caroline E. Blancard, deceased, and administrator, &c., of Louisa Russ, deceased, filed his answer to said petition.

The order sought to be set aside, which was granted by the former Surrogate, Hon. Robert C. Hutchings, directed the auditor theretofore appointed to examine the account of the petitioner herein, and to confine said examination to so much of said account as relates to the personal estate of said deceased, or proceeds of real estate sold by said executor, and to the rents received by the executor from the Pavilion Hotel for one year succeeding the day of the testator's death, and was made without prejudice to the right of the petitioner herein to file an amended or supplemental account, or to raise, before the Surrogate, the question of the right or liability of the executor to account in this court for the rents, issues and profits of the real estate of said deceased, and all or any of the matters set forth in his account on file, which were thereby withdrawn from the said auditor.

The will of the testator, after devising unto the testator's daughter, Louisa Russ, a house and lot in Twenty-fourth street, in this city, and giving to his wife, Caroline Blancard, one-fourth part of the rents and profits of all his real estate (except the house and lot given to his daughter, Louisa), for and during her natural life, or until the sale of said real estate ; and also directing his executors to set apart and invest one-fourth of all the personal estate and property which he should own at the time of his decease ; and also one-fourth of the purchase money to be realized from the sale of all or any part of his said real estate, and directing the dividends, interest and income from said investments to be applied to the use of his said wife for her benefit, and after making various pecuniary bequests to his children, proceeds as follows :

"Fifth. All the rest, residue and remainder of my estate and effects, both real and personal, and of every kind and nature whatsoever, I give, devise and bequeath to my said son, Francis H., and to my said daughters, Louisa, Mary Ann, Caroline and Jessie, their heirs, executors and administrators, to be equally divided between them, share and share alike."

The sixth clause of the will relates to the Pavilion Hotel and premises, and the conditions upon which the testator's son, Francis H., should be permitted to occupy the same.

The seventh clause empowered and directed the executors, as soon as they should deem it advisable after testator's decease, to sell and convert into money all the real estate and property of or to which he shall die

seized, possessed or entitled, except said Pavilion Hotel property; and he further directed them, after the expiration of the right of occupancy by his said son, Francis H., to sell and convert into money all the real estate composing the Pavilion Hotel property.

The counsel for the petitioner relied upon the provisions of the Revised Statutes (2 *R. S.*, 109, § 57; 110, § 79), relative to the power of the Surrogate to compel executors to account for proceeds of sales of real estate, where, by any will, a sale shall be ordered to be made either for the payment of debts or legacies, to compel distribution thereof, and to make all necessary orders and decrees thereon, with the like power of enforcing them as if said proceeds had been originally personal property of the deceased in the hands of an administrator; and also claimed that the rents of the testator's real estate were converted into personalty by virtue of said will. (Stagg *v.* Jackson, 1 *N. Y.*, 200; Clark *v.* Clark, 8 *Paige*, 152.)

The counsel for the respondent answered that the citation from the Revised Statutes had no reference to rents, &c., of real estate unsold, especially where the devisees had themselves sold the land, and the executors had not acted after the lapse of some years; and also claimed that the case of Stagg *v.* Jackson (above) was decided upon the ground that under the will in that case the testator intended to bring the *rents* and proceeds of sale into one common fund.   (See 1 *N. Y.*, 212.)

C. BAINBRIDGE SMITH, *for the petitioner.*

ALBERT MATHEWS, *for the executor.*

THE SURROGATE. — In Clark v. Clark (8 *Paige*, 152) the remarks of the Chancellor relate to land purchased by the executors as such, on a foreclosure sale under a mortgage belonging to the estate of the testator, and he adds to his observations concerning a sale by order of the Surrogate a qualification in these words : " And in accounting before the Surrogate, while the property still remained in their hands unsold, he would be fully authorized to direct a sale thereof, and the distribution of the proceeds as a part of the estate which had come to their hands in their fiduciary capacity, if those who were interested in the estate preferred their share of the proceeds, instead of their share in the land itself." (8 *Paige*, 157, 158.)

The will in the case under consideration gives no estate in, or trust concerning, or power over, the testator's real estate to the executor thereof, except a mere naked power to sell, which power of sale has never been exercised by him, with possibly a right to conduct the Pavilion Hotel for a year. No power is given to him to rent the real estate, or to collect rents therefrom, or to pay any charges thereon. The real estate is not devised to the executor in trust or otherwise.

Where there is a trust in a will merely to sell real estate, without any other power over the same, it is well settled that such trust is valid as a power only, and that the real estate itself passes to the persons otherwise entitled thereto, subject only to the execution of the trust as a power. (Downing v. Marshall, 23 *N. Y.*, 366.)

Where, as in the case under consideration, there is

a distinct devise of the lands to the testator's children, and no devise thereof, or power to collect rents given to the executor, but only a simple power to sell, without even a direction to distribute the proceeds, it seems to me that the fee simple to the real estate of the testator, vested in his children under his will, subject to be divested, if the executor shall ever exercise the power of sale given to him by said will, and that they (the children) are alone entitled to the rents, in their own right, as tenants in common. (Jackson v. Schauber, 7 Cow., 193; Scott v. Monell, 1 Redf., 441; Catton v. Taylor, 42 Barb., 580.)

From the examination of all the papers submitted on this motion, and the authorities above referred to, I am of the opinion that the fee to the real estate is vested in the children of the testator by the fifth clause of his will; that the executor, as such, has no legal right to collect the rents thereof, except from the Pavilion Hotel property, as provided in said will; and that he has no legal authority or control over the said real estate, except a mere naked power to sell and convert into money, by virtue of the seventh clause of said will, which power said executor has not exercised up to the present time.

I am also of the opinion that the said order, made by my predecessor, dated February 26th, 1873, was not made by him under a mistake or misapprehension on his part of the nature of the property left by the testator, in and by his said will.

It must also be remembered that said order was made by the then Surrogate after hearing the same counsel who have appeared before me on this motion,

and after mature deliberation thereon; and it would be improper for me to revoke said order, unless I am convinced that some serious mistake or error was made by said Surrogate.

Indeed, it seems to me that a safe rule to follow in respect to the authority of the Surrogate to open, vacate or modify orders and decrees, under chapter 359 of the Laws of 1870 (1 *Laws of* 1870, p. 826), would be, that that act was not designed to substitute a motion for the ordinary review by appeal.

No motion to open, vacate or modify an order or decree upon the same facts upon which it was made, should be entertained, but the party deeming himself aggrieved should be put to his appeal, and proceedings to open, vacate or modify should be based upon new facts, showing that the order or decree was made without jurisdiction, inadvertently, by mistake or fraud.

The motion should be denied, and the petition should be dismissed.

Ordered accordingly.