WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—September, 1884.

## PECK *v.* PECK.

### *In the matter of the estate of* MARY P. PECK, *deceased.*

The statutory provisions regulating the form of the official bond of an executor or administrator, and prescribing, as its minimum penalty, twice the value of the decedent's personal property (see Code Civ. Pro., §§ 2645, 2667), embrace property personally possessed, as well as choses in action, and all other property to the actual possession of which the decedent was entitled as the legal owner thereof ; but cannot be intended to cover any property of which he, in his lifetime, had divested himself of the legal title, whether the transfer were procured by fraud or otherwise.

J., a brother of the intestate, having been appointed administrator of her estate upon giving a bond in a penalty of $500, being double the value of the property of which she was represented to have died possessed, petitioner, another of her next of kin, applied for an order compelling J. to give an additional bond in a penalty of $150,000, alleging that the intestate was entitled to a distributive share, amounting to $75,000, in the estate of one M., which, at the time of her death, was in the hands of J., as the administrator of the estate of the latter. J. filed an answer, setting up an assignment by intestate, in her lifetime, to himself, of her share in M.'s estate, and produced the assignment upon the hearing ; whereupon petitioner offered evidence to impeach the

PECK V. PECK.

assignment, viz.: proof of mental incapacity, coercion and undue influence. Upon objection,—

*Held,* that the evidence was incompetent, the Surrogate's court having no jurisdiction to determine the question at issue, and that petitioner's application could not be entertained until the same had been submitted to the adjudication of a proper tribunal.

JARED V. PECK, a brother of the intestate, Mary P. Peck, within a year past, had made application to be appointed administrator, etc., of the intestate, representing, in his application, that the personal property of which she died possessed did not exceed, in value, the sum of $250. On giving a bond, with two sureties, in a penalty of $500, and on taking the usual oath, letters of administration were issued to him. James H. Peck, another of the next of kin of the intestate, now made application for an order compelling the administrator to give a new bond in a penalty of $150,000, alleging, as a reason therefor, that the intestate was entitled to a distributive share of the estate of the late John A. Merritt, amounting to about $75,000, which, at the time of her death, was in the hands of Jared V. Peck, as administrator, etc., of said Merritt. The administrator filed an answer, admitting that such a sum came into his hands as Merritt's administrator, as the share of the intestate, but alleging that she, in her lifetime, duly assigned it to him. On the hearing, he produced such an assignment, and put the same in evidence; whereupon a witness was called on behalf of James H. Peck, who proposed to show that said Mary P. Peck, at the time of the date of the assignment, was of unsound mind, and incapable, by reason thereof, of making a valid contract; that she was coerced to.

execute the same; and that she was under the dominion of undue influence on the part of said J. V. Peck. This was objected to by the counsel for the administrator.

JOHN H. CLAPP, *for petitioner.*

C. FROST, *for administrator.*

THE SURROGATE.—I think the objection to the evidence must be sustained. In the case of Grummon v. Beekman, referred to by the counsel for the petitioner, and in which he was engaged, and which is unreported, decided by this court in 1878, and which, in its main features, was almost identical with facts claimed to exist here, no objection was taken to the proof offered to impeach the validity of the assignment, such as is here interposed. The chief objection there made was that the inventory filed could not be thus impeached. The objection was overruled on the ground that the proceeding was instituted for that purpose. Without further objection, testimony was given tending to impeach the validity of the assignment on the one hand, and to sustain it on the other. My recollection is that counsel argued the matter upon the merits, not questioning the power of the court to determine accordingly. In considering it, however, it was held that the court had no power to decide the question, but that it might look into the facts far enough to enable it to see whether there was any just ground for doubt in reference to it, and if there were, to require a bond large enough in amount to cover the sum

involved in the controversy.    Had the question then arisen, and attention been called to it by counsel,. as it has here, it would, doubtless, not have been reached.

The statute requires a bond in double the value of the personal property. of which the intestate died possessed.    This embraces property personally possessed, as well as choses in action and all other property, to the actual possession of which the intestate was entitled, as the legal owner thereof; but it cannot be intended to cover any property of which the intestate, in his lifetime, has divested himself of the legal title, whether such transfer were procured by fraud, or otherwise.    This court being unable to try such question, when it shall have been determined by the proper tribunal in favor of the petitioner, if such should be the result, then the application can be entertained, and the order sought be granted.