NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—January, 1885.

CLUFF *v.* TOWER.

*In the matter of the estate of* BURGESS CLUFF, *deceased.*

Under Code Civ. Pro., § 2481, subd. 6, which authorizes the Surrogate, in a proper case, to vacate a decree of his court, and provides that the powers thus granted "must be exercised . . . . . *in the same manner* as a court of record and of general jurisdiction exercises the same," the manner indicated is that sanctioned by a court of the character mentioned, in proceedings to set aside or open a judgment; the same being properly initiated by a notice of motion or order to show cause.

MOTION by Mary Cluff, decedent's widow, to set aside an order referring issues presented in her peti-

tion for the removal of Edward E. Tower, executor of decedent's will.

ROBERT OWEN, *for the motion.*

OLCOTT & MESTRE, *opposed.*

THE SURROGATE.—1*st.*   I have already allowed the widow of this decedent to abandon a proceeding that she recently instituted, reserving until now the question what terms, if any, should be exacted as the condition of the discontinuance.   The moving party must pay to her adversary $10 costs.

2*d.*   Upon careful review of the various provisions of the Code bearing upon the subject, I am persuaded that the moving party has pursued the proper practice, in her proceeding to set aside the order which directed the submission to a referee of the issues presented in her petition for the removal of the executor, and for his accounting.   Section 2481, subd. 6 authorizes the Surrogate, in a proper case, to vacate a decree of his court, and provides that the powers thus granted "must be exercised . . . . . in the same manner as a court of record and of general jurisdiction exercises the same powers."   That manner is indicated by the practice which, in such courts, is customarily sanctioned in proceedings to set aside or open a judgment.   Such proceedings may be begun by a notice of motion, or by an order to show cause.