Lansing, S.
—The first question for examination is the objection that § 780 of the Code of Civil Procedure, which provides for shortening the time for notice of motion to less than eight days- *431 by an order to show cause, etc., is not made applicable to the surrogate's court; and subdivisions 4 and 6, § 3347 of the Code, are cited in support of the position. I am inclined to think that § 780 is not directly made applicable to the surrogate’s court. This section contains the general Code provision upon the subject of time of notice of motion, and provides it shall be eight days unless, etc. If the section is not applicable to the surrogate’s court then, in the absence of any other provision (and I have been able to find none), a notice of motion in this court could be made without special limit as to time of service of notice, etc. But in the absence of such provision perhaps subdivision 11 of § 2481 would apply, which provides in effect that where jurisdiction is given in any matter to the surrogate’s court and the practice is not prescribed, it shall proceed “ according to the course and practice of a court having by common law jurisdiction of such matters.”
But whatever the warrant for the practice of employing an order to show cause to shorten time of notice, the practice is well settled in surrogate’s courts to employ it, and it has been so employed both before and since the adoption of the new Code. Bedfield, in his work on Surrogate Practice, 4th ed., p. 57, says: “ The proceeding to vacate a decree under § 2481, subdivision 6, (where this application is unquestionably made) is properly initiated by a notice of motion or order to show cause." See also Cluff v. Tower, 3 Dem., 253.
For the purposes of this application I shall hold the practice proper.
I am satisfied that the next objection of the creditor, that the surrogate has no authority to extend the time of the executor to file his bond beyond the five days provided in the order, is technically well founded. But while the surrogate may not extend the five days fixed by § 2687 in which to file a bond to six or ten days, he may in a proper case under Code, §§ 724 and 2538, relieve a party from an order taken against him when he can show it occurred through “ mistake, inadvertence or excusable negligence" etc., and the same relief may be obtained in certain cases hereafter mentioned under § 2481, subdivision 6, above cited. But under either section relief must be obtained, if at all, not as a matter of favor, but for the specific reasons or upon the grounds provided in the statute.
This disposes of the preliminary objections, and brings us to an examination of the question whether the executor has presented a case authorizing the surrogate to open or modify the decree made herein on the 7th day of May, 1892, adjudging the executor’s pecuniary circumstances to be such as not to afford adequate security for the due administration of the estate of the deceased, and requiring him to file a bond in the penal sum of $32,000 within five days, or in default thereof that his letters testamentary be revoked.
Section 2687 of the Code of Civil Procedure provides that if upon the return of the citation issued under § 2686. the objections to the executor or any of them mentioned in § 2685 “ are established *432 to the surrogate’s satisfaction, he'must make a decree revoking the letters issued to the person complained of:1 But the surrogate may in his discretion * * * allow letters to remain unrevoked * * * (subdivision 8) where the case is within subdivision 5-of that section (2685) (that is where the executor is pecuniarily irresponsible) if the executor gives within a reasonable time,' not exceeding five days, the bond prescribed in article first of this title.’’ The surrogate appears to have no discretion as to time in which to file a bond in the first instance, if he finds the objection sustained.
The direction of the surrogate of the 10th of May, 1892, was a decree, § 2687, supra, and this decree was the deliberate and formally expressed judgment of a court having entire jurisdiction both of the person and subject matter involved.
The decree adjudged:
(1) That the circumstances of the executor did not afford adequate security to the creditors for the due administration of the estate, and,
(2) That the value of the property belonging to the estate at the time of testator’s death was ¡§16,000.
I am satisfied that this decree must remain, unless appealed from, or, unless the case can be brought within § 2481, subdivision 6 of the Code, which provides that this court may open, vacate or modify its decree or order and grant a new hearing for “ fraud, newly discovered evidence, clerical error or other sufficient cause,” but with the qualification that “ the powers conferred by this subdivision must be exercised only in like cases, and in the same manner as a court of record and of general jurisdiction exercises the same powers.” This application must rest upon the ground of “newly discovered evidence.” The ground “other sufficient cause;” will not avail to support.an application for the introduction of evidence under this section, where its only claim for consideration, in the nature of things, is, that it is newly discovered. ISTow what are the facts appearing on this application as to the ground of newly discovered evidence ?
The creditor alleges in his petition the ownership of the property (the mansion house in Lansingburgh) in the testator, and its value; a postponement of several days was sought by Mr. Filley, the executor, for the purpose of submitting to the court proof in regard to the value of the same real estate, (he alleging it to be of less value); proof was subsequently furnished by the executor (without any denial of the fact and upon the assumption that- the real estate in question belonged to the testator at the time of his death) that it was of the value of $9,000. The fact, if fact it be, that this real estate had really been conveyed to Marcus L. Filley, executor, by his father prior to his decease, and had been by him, individually, conveyed since the institution of this proceeding to the alleged grantee, Carter, was well-known to Mr. Filley and known prior to the time the decree was made, and the fact was obviously suppressed by him.
Clearly it is not a case of newly discovered evidence.
(1) The opening of a surrogate’s decree formally and lawfully made requires the exercise of the soundest discretion.
*433 (2) It should only he done in extraordinary cases and where errors are plain, palpable and beyond any question. Decker v. Elwood, 3 Supreme Ct. (T. & C.), 48; Redf. L. & P., 4th ed., page 58, and cases cited.
It is well settled that a motion to open an order or decree in surrogate’s court should be entertained only on newly discovered facts showing that it was made without jurisdiction or through inadvertence, mistake or fraud. Janssen v. Wemple, 3 Red., 229.
“ Where a party has had his day in court, he must show that it was not his fault that he did not improve it before he can get another day on the same matter.’’ In re Estate of O'Neil, 46 Hun, 501; 12 St. Rep., 419.
The discovery of further evidence in an account book, which was in possession of the party, pending the litigation, «prior to the decree, cannot be deemed newly discovered evidence upon which the decree should be opened. In re Olmsted, 4 Dem., 44. See, also, In re Kranz, 41 Hun, 465; 3 St. Rep., 297; In re Tilden, 98 N. Y., 434; In re Hawley, 100 id., 206.
I am satisfied from an examination of the authorities that the surrogate is utterly without power to vacate or modify the decree made herein. Orders and decrees in surrogate’s court are placed upon precisely the same footing as those in other courts of record, and the power conferred to open or modify “ must be exercised only in like cases as a court of record and of general jurisdiction exercises the same power.” It will hardly be claimed that the facts appearing upon this application would warrant the granting of a new trial in supreme court on the ground of newly discovered evidence. There is, therefore, no ground stated in the moving papers which would warrant a new hearing or authorize a modification of the order or decree granted in this matter, and I can conceive of none which could be added from the facts disclosed. The executor well knew the fact, the introduction of which he now seeks as a ground for the modification of the decree, before the application was made. Indeed, I am sure he has not been surprised or misled, for it was stated upon the hearing-that the bond in the amount directed would have been given if the executor had been able to do so.
These views lead to a denial of the motion for a new hearing- or for a modification of the bond.
■ Two other questions involving the merits were discussed upon the motion, which, although in the view I have taken, are not necessarily involved in the decision of this motion, yet, as the result of my examination of these questions tends to support the conclusion I have reached upon the more technical ground, it may not be improper to discuss them briefly. (1) As to the question of requiring a bond covering property alleged to be fraudulently conveyed. I am satisfied that while the decision in Peck v. Peck, 3 Dem., 548, holding “ that the surrogate’s court in fixing the bond of the executor should not take into consideration any property of the title to which the testator or intestate had divested himself during his lifetime, whether a transfer was procured. *434 by fraud or otherwise,” states the general rule, yet there is no such hard and fast rule upon the subject, since in some cases the main object in taking out letters is for the purpose of recovering property fraudulently conveyed. Laws, of 1858, chap. 314, § 1, as amended, Laws of 1889, chap. 487.
“ And (it is held) in any case, an executor is chargeable with breach of trust for neglect in instituting any action or proceeding necessary to recover assets fraudulently disposed of by his decedent.” In re Cornell, 110 N. Y., 351; 18 St. Rep., 200; Hangen v. Hachemeister, 114 N. Y., 566; 24 St. Rep., 526. In such cases, at least, bonds should be required covering the amount of probable recovery, and the statute seems to contemplate the exaction of the same by the proper court. (2) Upon the remaining question, whether the said real estate belonged to testator at his decease: It would seem under the authorities •(aside from all considerations pointing to a fraudulent conveyance) that the proof offered comes far short of showing a transfer of the legal title from the testator before his death.
The deeds in question are not recorded. A deed to convey title must not only be duly executed, but must be delivered.
The fact that the deed from the father, the testator, to the •son, is in the possession of the son, who is his executor, does not furnish the necessary proof that it was delivered to the son' as grantee during the lifetime of his father, because if not delivered he, as executor, would be likely to come into possession of it. In fine, therefore, the absence of any proof of prior negotiations upon the subject of transfer and the absence of any fact to support the presumption of delivery beyond the bare possession of the deed by the executor after death of testator, with the added fact that M. L. Filley, Sr., was at the time of his decease in possession of the property, would seem to require something further to establish that said instrument was delivered by the •grantor with intent to convey title prior to his death. Knolls v. Barnhart, 71 N. Y., 474; Gifford v. Corrigan, 105 id., 223, 226; 7 St. Rep., 7.
But as I have before stated, a decision of the two questions last above discussed are not necessarily involved in the decision •of this motion, since I am compelled to hold under the authorities that the presentation of the deeds upon this application cannot in any just sense be termed newly discovered evidence, so that no ground appears which will warrant the opening or modification of the decree.
Motion to vacate or modify the decree of May 10, 1892, denied with ten dollars costs of motion, and upon filing proof that the executor failed to file his bond as required by said decree, a •decree may be entered vacating the letters testamentary heretofore issued to said executor.