THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ELMER A. JONES, Defendant.

County Court, Chautauqua County, March 22, 1928.

**Crimes — new trial on ground of newly-discovered evidence — Code of Criminal. Procedure, § 465, construed — new trial will not be ordered solely on affidavits impeaching testimony of witness of prosecution — motion denied.**

A motion for a new trial on the ground of newly-discovered evidence, made under section 465 of the Code of Criminal Procedure, is addressed to the sound discretion of the court, and is not one which under any circumstances must be granted to the defendant as a matter of right.

Defendant, who was convicted of the crime of manslaughter, first degree, is not entitled to a new trial on the ground of newly-discovered evidence where one set of affidavits presented upon the motion seeks to establish nothing more than

evidence impeaching the testimony of a witness for the prosecution; a new trial will not be ordered solely on impeachment evidence, no matter how satisfactory it may be.

Additional affidavits to the effect that the crime was committed by a person other than the defendant are insufficient to show that the evidence now offered will probably change the result if a new trial is granted.

Motion by defendant for a new trial on the ground of newly-discovered evidence.

*John S. Leonard, Assistant District Attorney*, for the plaintiff.

*Harry M. Young [Frank H. Mott* of counsel], for the defendant.

Ottaway, J. In June, 1927, a grand jury in Chautauqua county returned an indictment charging this defendant with the crime of manslaughter in the first degree, it being alleged that he had caused the death of a young woman named. The case has been twice tried; the first trial resulting in a disagreement and the second trial resulting in a conviction. The conviction has been affirmed both in the Appellate Division and in the Court of Appeals. (222 App. Div. 721; 247 N. Y. 572.)

The conviction was based largely upon the evidence of one Norman Forsberg who admittedly was responsible for the young woman's condition, and on the carefully prepared dying statements signed by the young woman herself the day before her death. Both told of the arrangements for and the performance of the operation by the defendant and of the subsequent events of the few days which intervened between the time of the operation and the death of the young woman.

The defendant now moves for a new trial on the ground of newly-discovered evidence.

The aim of the determination of such a motion must be to promote substantial justice, and the motion, made under section 465 of the Code of Criminal Procedure, is addressed to the sound discretion of the court. (*People* v. *Patrick*, 182 N. Y. 131, 178.) The language of the section in question (" The court in which the trial was had * * * has the power to grant a new trial," etc.) is permissive only and the motion is not one which under any circumstances must be granted to the defendant as a matter of right.

The new evidence shown in the affidavits of the proposed new witnesses themselves consists of a group of new facts presented by the affidavits of Floyd H. Lawson and Marshall C. Grant (which we shall discuss later) and the evidence of six persons who are prepared to testify that they would not believe Norman Forsberg under oath. These six affidavits present nothing more or less than

evidence to impeach the witness Forsberg who testified upon both trials of this case. In opposition to this motion the People present the affidavits of some twelve persons who are prepared to testify that the reputation of Norman Forsberg for truth and veracity is good. No prior effort of this kind has been made to impeach this witness although the defendant and his attorney have at all times known of his existence as a witness for his name appears in the list of witnesses before the grand jury as the same was given upon the indictment.

However, the court is not required to determine the question presented by these so-called impeachment affidavits, for such evidence forms no basis for granting the motion, because a new trial will not be ordered solely on impeachment evidence no matter how satisfactory. Upon this subject the courts have spoken clearly and the rule is well settled.

" New evidence impeaching a witness sworn on a former trial is not sufficient basis for ordering a new trial on the ground of newly discovered evidence even where the impeachment seems adequate and successful." Such has been a frequent statement of the rule.

The new trial will not be granted where the freshly discovered evidence goes simply to impeach a witness sworn on the first trial. (*People* v. *Becker*, 215 N. Y. 126, 160; *People* v. *Eng Hing & Lee Dock*, 212 id. 373.)

If the new evidence is merely impeaching or contradicting former evidence a new trial should not be granted. (*People* v. *Priori*, 164 N. Y. 459, 472; *People* v. *Patrick*, 182 id. 131, 179.)

We come then to the consideration of the proposed new evidence as set forth in the affidavits of Floyd H. Lawson and Marshall C. Grant.

These affidavits say in substance that at about eight P. M. on Friday, May 20, 1927 (the date named in the indictment as the date when the crime was committed), in the public hallway of an office building at Jamestown, N. Y., they overheard a young man and young woman in conversation; that the young woman referred to the young man as Norman Forsberg and that the young man spoke to her as " Mildred " (the given name of the woman mentioned in the indictment); that these witnesses actually saw this young man perform upon this young woman the very operation described in the indictment as performed by the defendant and actually heard this couple plan to accuse this defendant of the act if anything went wrong. Clearly if such evidence is shown to be accurate and credible, and if the young woman is sufficiently identified as the person described in the indictment, then the crime charged was committed by another and the defendant is not guilty.

Norman Forsberg in an affidavit now filed makes categorical denial of the charges of these witnesses.

" Newly-discovered evidence in order to be sufficient must fulfill all the following requirements: 1. It must be such as will probably change the result if a new trial is granted;   2. It must have been discovered since the trial;   3. It must be such as could not have been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue;   5. It must not be cumulative to the former issue; and, 6. It must not be merely impeaching or contradicting the former evidence." (*People* v. *Priori*, 164 N. Y. 459, 472.)

There is no difficulty in finding that the proposed evidence meets all of the last five requirements. The first requirement must receive further consideration. Would this evidence probably change the result upon another trial?   Is this story credible?

In determining the probable effect of new evidence offered the court must necessarily consider the character of the evidence and the estimate that a jury would make of the character of the new witnesses. (*People* v. *Shea*, 16 Misc. 111.) Neither party on the argument made any suggestion that the new witnesses should appear and be examined and cross-examined before the court. So the determination of this difficult question of credibility must be made upon the papers and arguments presented not aided one way or the other by the appearance or attitude of the so-called newly-discovered witnesses.

From all the circumstances which surround this proposed evidence is it of such character that it would have been deemed credible had it been presented before this jury of reasonable men upon the trial?   In the face of the other evidence would it have been given sufficient weight to have resulted in a different conclusion? We think not.

In the first place the story of these two affiants (Lawson and Grant) is inherently improbable and clearly against the weight of more credible evidence. The girl in question lived at Kane, Penn. The witness Norman Forsberg lived at Wilcox, Penn., and worked in the city of Kane. Both were unfamiliar with Jamestown if not absolute strangers. It is unbelievable that such people, unaware of the occupancy or use of a building, would, without the slightest secrecy or caution, discuss their intimate private affairs in the public hallway of an office building, mentioning each other's names to catch the ear of chance passers-by, and there perform the acts which these affiants say they witnessed. No possible explanation is offered as to why these young people would drive the fifty or more miles from Kane to Jamestown, and then select the public

hallway of an office building at an hour when it was as yet barely dusk for the performance of such acts.

Other circumstances throw the color of suspicion over the evidence offered. Affiants assert that they were not discovered and that the young couple had no knowledge of their presence.

It appears that affiants were at no great distance from and in the very same hallway with the people they observed; that affiants were standing directly under a skylight, the hour being about eight P. M., and that the young man observed was using a flashlight.

Identification of those observed as the same persons involved in the tragedy from which the indictment arose, is entirely lacking. Neither affiant is acquainted with Norman Forsberg and no effort has been made in any way to identify him by voice or by other description. Neither is any explanation given for the failure to do so. The sole evidence of identification lies in the statements of strangers not spoken directly to, but overheard by these affiants. Such testimony would sound suspiciously like hearsay. So without some connecting link the proposed evidence would all probably have been incompetent on the former trial, and no showing has been made that it would be any more competent upon a new trial were one granted.

Affidavits have been presented by the People attacking the credibility of the affiants Lawson and Grant. The most charitable view which can be taken of the uncontroverted charges is that affiant Lawson has been frequently under treatment at the Gowanda State Homeopathic Hospital for the Insane and that the affiant Grant's home has been broken up and that he himself has been convicted for failure to support his family.

Although this case has been twice tried with usual attendant publicity, these witnesses claim never to have disclosed to any one outside their own families the facts which are set forth in their affidavits. These papers give no explanation of how it happens that such disclosure is first made at such a late date, nor of how it now happens to be made at all. The moving papers may be found to sufficiently show the failure of the defendant to produce these witnesses on the former trials and of course not the slightest criticism can attach to defendant's counsel, but these papers have no hint of explanation as to why these affiants Lawson and Grant now suddenly recall what they saw and heard, and, unsolicited, for the first time disclose their observations. The disclosure was not made to the sheriff nor to the chief of police, not to the district attorney nor to their own attorney, not to a friend or neighbor, not to any public official, but directly to the defendant's counsel.

The evidence presented on the last trial, except as it related

to the subject of the actual final cause of death, was clear cut and convincing.

The burden was on the defendant to show that the evidence now offered would probably have produced a different result had it been presented on the trial.    In that showing he failed.

For the reasons above set forth we cannot believe that the jury would have arrived at a different result had the defendant then sought to present the evidence of Lawson and Grant now proposed. Order may be presented denying the motion for a new trial.