In the Matter of the Petition of MOSES KALMOWITZ to Set Aside the Probate of the Last Will and Testament of ISAAC KALMOWITZ, Deceased. Surrogate's Court, Bronx County, May 31, 1929.

*Harry Borden*, for the petitioner.

*Moses A. Sachs*, for the respondent.

Schulz, S.   The petition for probate was filed on March 25, 1927.   Objections were filed on June 15, 1927, by the petitioner in the pending proceeding and by two other sons of the decedent. A jury trial having been demanded, the matter came on for hearing before the court and a jury on the 9th day of November, 1927.   At the conclusion of proponent's case, the two contestants, other than the present petitioner, withdrew their objections and consented that the will be admitted to probate.   At the conclusion of the evidence the court directed the jury to answer the controverted questions of fact in favor of the proponent, and thereafter, and on the 21st day of November, 1927, a decree was duly entered admitting the propounded paper to probate, as the will of the decedent, valid to pass both real and personal property.   On December 15, 1927, an appeal was taken from such decree by the petitioner in this proceeding, which on February 28, 1928, was dismissed for lack of prosecution. The petition in the pending matter is verified March 4, 1929, being over fifteen months after the entry of the decree herein and over a year after the order dismissing the appeal as above stated.

The power to vacate a decree is governed by subdivision 6 of section 20 of the Surrogate's Court Act, and must be exercised in a like case and in the same manner as obtains in a court of record and of general jurisdiction.

The orderly administration of decedents' estates requires that there should be finality and permanancy to the decrees of the court, and that the same should not be vacated and set aside without careful consideration.   (*Matter of Filley*, 20 N. Y. Supp. 427, 429; Jessup & Redfield Surr. [1925] p. 274, and cases cited.)

Before a decree of probate is vacated, the alleged new matter upon which the application is based must be such as has come within the knowledge of the petitioner since the decree was made,

and not such as he was aware of or could have learned by the exercise of reasonable diligence before the trial took place. It should not be merely cumulative or tending to contradict or impeach former evidence. (*People* v. *Priori*, 164 N. Y. 459, 472; *Matter of Hermann*, 178 App. Div. 182, 191; affd., 222 N. Y. 564; *People* v. *Jones*, 131 Misc. 647, 649; *Janssen* v. *Wemple*, 3 Redf. 229, 235.)

It should appear that there is a reasonable certainty of success on the part of the petitioner asking this relief, if the same is granted. (*People* v. *Priori, supra; Matter of Elias*, 222 App. Div. 728; *Matter of Leslie*, 175 id. 108, 112; *Fitzgerald Manufacturing Co.* v. *Alexander*, 200 id. 164; *Butterick Publishing Co.* v. *King*, 15 id. 403; *Matter of Paschal*, 106 Misc. 214; *Bandler* v. *Bandler*, 187 N. Y. Supp. 358; *Matter of Beattie*, N. Y. L. J. June 23, 1926; affd., 218 App. Div. 766.)

The application should not be used as a substitute for an appeal from the decree. (*Matter of Gaffney*, 116 App. Div. 583, 586; affd., 189 N. Y. 503; *Janssen* v. *Wemple, supra.*)

The petitioner should act with promptness in making the application. (*Matter of Jackson*, 134 Misc. 750; *Matter of Rowe*, Id. 759.)

The present application fails to comply with any of these requirements. All of the facts alleged, except possibly one, namely, a conversation alleged to have been had by some one with one of the attesting witnesses, were within the knowledge of the petitioner at the time of the trial or could have been ascertained by him with reasonable diligence. Assuming all of the facts alleged by him to be true, relevant and material to the question involved on the probate, there is no reasonable certainty that if proved they would bring about a result different from the one which was reached upon the trial. An appeal was taken by him which was dismissed as stated. To grant the relief now asked would be permitting a substitution for such appeal. The petitioner has been guilty of gross laches in not having acted for more than fifteen months after the decree was entered, and for over a year after the dismissal of his appeal. Under such circumstances, the decree should not be vacated.

The application is denied, with costs to the respondent. Settle order accordingly.