GEORGE V. FLECKENSTEIN, as Administrator, etc., of JOHN F. SNOW and Others, Appellants, *v.* LEAH S. OSLER, Respondent.

PER CURIAM. We are not called upon to say whether, under section 40 of the Surrogate's Court Act, as it read in 1919, the surrogate, in the judicial accounting of the executrix, had authority to settle a contest over the title to real estate between the executrix, who was remainderman devisee of the real property, and testator's husband, who claimed title as a *cestui que trust* of the testator. For such authority could not be exercised unless the question of that title were

" necessary to be determined in order to make a full, equitable and complete disposition of the matter " before the court. (Surr. Ct. Act, § 40; ▮ *Matter of Hermann*, 178 App. Div. 182, 190; affd., 222 N. Y. 564.) The record in the judicial accounting now under consideration shows that the only objections interposed, the only questions determined, involved the disposition of personal property as between the executor and the contestant and otherwise. No claim of title to real estate was made and no such question came within the contemplation of the surrogate. In the argument, and in her brief on this appeal, respondent has abandoned her claims that the probate decree was *res adjudicata*, and that the Statute of Frauds bars appellant. We will, therefore, not discuss those questions. It follows that, in the trial of the instant equity action, whatever effect may be given to the papers and proceedings involved in the judicial settlement by way of estoppel or as admissions against interest by John F. Snow, the surrogate's decree, for the reasons given, cannot be held a bar as *res adjudicata* to the carrying on of this action. The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion† denied, with ten dollars costs. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ. Motion to amend record by adding copies of will of Harriet T. Snow, deceased, and of account of Leah S. Osler as executrix, and proceedings had on accounting, granted, pursuant to stipulation. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.▮