## In the Matter of the Estate of MARY J. COLLINS, Deceased.

Surrogate's Court, Orange County, January 14, 1936.

*Elwood C. Smith*, for the motion.

*Kopald & Haft*, for the executors.

*James J. McCarthy*, for the administratrix of the husband's estate.

TAYLOR, S. This case has been before this court before (156 Misc. 783), and the conclusion reached was adverse to the then argument of present moving party that the surviving spouse, even though he filed a notice of election to take against the will (Dec. Est. Law, § 18), nevertheless took under the will because under that statute he must accept, at least in part, the trust created for him, thus bringing into play the equitable doctrine of *Beetson* v. *Stoops* (186 N. Y. 456). The objectant could take that position only upon the assumption that the deed to the decedent and her husband, as tenants by the entirety, was in all respects valid, and that the property after the decedent's death became that of her husband.

The surrogate in the exercise of discretion after the rendition of that decision permitted the objectant to examine the executors from whom counsel attempted to bring out facts which would indicate the decedent's belief that she was the sole owner of the real property, inferring therefrom that by mutual mistake, or fraud on the one part and mistake on the other, the deed was made to both parties instead of to her alone. The testimony of the executors in this respect was quite unconvincing, and assuming for the moment that an objectant being defeated upon one theory may be permitted to thereafter go forward upon the diametrically opposite theory, permission to thus change positions is in the nature of opening a default which is allowed only upon a showing that the party seeking the favor is likely to succeed. (*Matter of Leslie*, 175 App. Div. 108; *Matter of Gori*, 129 Misc. 541; *Matter of Eisenlohr*, 153 id. 130; *Matter of Elias*, 222 App. Div. 728; *Matter of Kalmowitz*, 134 Misc. 508; *Matter of Madden*, 155 id. 308.) As I have hereto stated, the testimony of the executors was meager and unconvincing, and I think the movant here has failed to bring itself within this requirement.

A question of jurisdiction is presented.

Since the death of Mary J. Collins her husband has died, and his estate is represented upon this accounting by his administratrix appointed by the Surrogate's Court of another county. There is no proof of the present ownership of this real property, assuming the deed in question to be valid; it may be in the husband's second wife, he having remarried (Dec. Est. Law, § 83, subds. 2, 3, 4), or it may be in his brothers and sisters, if any, or other blood relatives. The owners, whomever they may be, are not parties to this accounting.

A court should not assume jurisdiction of a proceeding which it may not in all respects fully carry through to ultimate enforcement of a complete decision. There is no provision in the Surrogate's Court Act for the filing of a notice of pendency of action, and, therefore, other persons might acquire some interest in the real property, which interest might not even be of record, and without the filing of a *lis pendens*, obviously such persons could not be charged with notice of the proceeding.

A court of general equitable jurisdiction could not only determine the question of whether or not there was mistake or fraud, or both, in the execution of this deed, but could do complete justice by adjusting as between themselves rights of persons who may have innocently and for valuable consideration acquired some interest in the property in question. Obviously, the Surrogate's Court could not do this for, as between owners of subsequently acquired

interests, the proceeding would be between living persons and not directly affecting the estate of a deceased person.

Deeds are recorded in the office of the county clerk, who is the clerk of the Supreme and County Courts and not of the Surrogate's Court. It may be doubted whether any notices, orders or decrees of the Surrogate's Court may be filed in the county clerk's office, except as specified by statute. If this proceeding were entertained, we would, therefore, have the situation of part of the papers in a proceeding, say, for the reformation of a deed, recorded in one office and part in another office. Continuing the same thought and assuming that the surrogate might assume jurisdiction and reform a deed, how is the decree to be enforced?

Because of successive enlargements of the jurisdiction of Surrogates' Courts it is perhaps unsafe to follow early decisions, certainly it should not be done without a very close analysis of the cases in the light of the amendments to section 40 of the Surrogate's Court Act.

" In spite of the extension of equitable powers, it is still true that the broad fields of the Surrogate's jurisdiction is that fixed by statute. Its equitable jurisdiction is incidental to the granting of relief in the main proceeding of which the Surrogate has jurisdiction * * *. And its equitable powers, as a corollary, are confined to decedents' and infants' estates." (7 Wait N. Y. Pr. 37; *Matter of Lakner*, 143 Misc. 117; N. Y. Const. art. 6, § 13.)

In *Matter of Brown* (129 Misc. 293; modfd., 221 App. Div. 772; S. C., 130 Misc. 865; modfd., 225 App. Div. 759, and 252 N. Y. 366) the distinction was clearly brought out that as between the parties to a proceeding in Surrogate's Court, no third parties being involved, the court had the necessary jurisdiction to take proof of and determine title to the real estate as an *incident* of the accounting. It has equitable powers incident to statutory powers conferred upon it, and " there is a very clear distinction between the case where the court must determine the assets of the estate, under statutory equitable power, and the case to determine title to real estate now owned by innocent third parties under the exercise of general equitable jurisdiction, chancery in character " (p. 295). That case held that for the purpose of passing upon the executor's individually retaining money received from the sale of real property there was jurisdiction to determine the ownership of real property, but only because it was incidental to the main relief. Upon the appeal the Appellate Division held that the surrogate was without power to make a decree affecting the title to that specific property of which a deed was made but not recorded until after the testator's death. (221 App. Div. 772.)

There have been cited in support of the proposition that the Surrogate's Court jurisdiction has been enlarged, the cases of *Matter of Raymond* v. *Davis* (248 N. Y. 67) and *Matter of James* (149 Misc. 135) among others, which hold that a surrogate may decree liquidation of a partnership. Obviously, immediately upon the death of one copartner his interest therein is personal property, and the representative of his estate cannot completely settle and account until he has reduced to possession and converted into money all claims of the decedent. These cases, therefore, are clearly distinguishable from the case under consideration, in that in this case on the face of the deed itself the real property immediately upon the death of Mrs. Collins passed directly to her husband and became no part of her estate; even though Mrs. Collins by her will directs her executor to sell the real property, the estate may nevertheless be completely closed without that direction being carried out if the real property upon her death passed to another under the deed itself. The effect of not bringing the real property into the estate will be that the money legacies will not be paid in full, but it is not necessary to settle an estate that legacies be paid in full if there is not sufficient estate so to do. It is not " necessary to be determined in order to make a full, equitable and complete disposition of the matter " before this court that the deed in question be reformed. (Surr. Ct. Act, § 40. See *Fleckenstein* v. *Osler*, 228 App. Div. 872.) " It is established as unquestionable law that a court of equity cannot by its authority render that gift perfect which the donor has left imperfect." (*Young* v. *Young*, 80 N. Y. 422, 437.)

There is no claim that there were any fraudulent acts on the part of decedent, so that section 19 of the Personal Property Law, and decisions thereunder, such as *Matter of Haber* (151 Misc. 82), and *McQuaide* v. *Perot* (223 N. Y. 75), are inapplicable. An executor under this statute is not bound to bring an action where the decedent was not a party to but the victim of fraud.

Although the precise point was not involved in the decision, YOUNG, J., observed in *Matter of Auditore* (223 App. Div. 654; modfd., 249 N. Y. 335) that " The surrogate would not be authorized to set aside a deed or a mortgage and decree that the property or fund belonged to the estate, because that is a peculiar function of a court of equity " (p. 659).

It has been held (*Matter of Ort*, 217 App. Div. 422) that a temporary administrator, even though authorized by statute to take possession of real property and receive the rents and profits thereof, may not obtain from the Surrogate's Court an order directing a person holding real property in hostility to the owner to summarily surrender the same, and the court stated that " whatever rights

the administrator has as against the appellants he should prosecute in the usual manner " (p. 423). I have not overlooked *Matter of Burstein* (153 Misc. 515) which holds *contra*, unless it may be distinguished by reason of the fact that the occupant of the property was a distributee.

Is not *Matter of Lyon* (266 N. Y. 219) an authority against the movant's contention? There, a trust agreement was between living persons, as was the deed here, and it was held that transactions concerning the property in the possession of Nellie Lyon (the decedent in whose estate the question was raised) during her life as trustee, did not constitute " matters relating to the affairs of a decedent." The petitioners allege that the corpus was not the property of Nellie Lyon, the decedent, and that her executors had no equitable title to it.

The transactions among the grantor in the deed in question, the decedent and her husband, were, of course, among living persons, and whatever title the husband derived to the property in question was not through decedent's will, or by intestacy.

I, therefore, conclude that the motion to amend the objections should also be denied for want of jurisdiction to determine the questions sought to be presented.

Determining the matter upon the question of jurisdiction, I have not considered the very interesting argument put forth by the husband's administratrix that a money legatee under the wife's will is a " volunteer," in no position to make any claim or maintain any action or suit with respect to the real property.

Settle decree on five days' notice, or by consent.