WILCOX v. FOX.

(Supreme Court, Appellate Division, Fourth Department.  May 2, 1906.)

NEW TRIAL—PROCEEDINGS TO PROCURE—STATUTORY PROVISIONS.

Where a motion for a new trial is not made at the term and before the justice who held the trial, as prescribed by Code Civ. Proc. § 999, it must be made on a case and exceptions, as prescribed by section 997.

[Ed. Note.—For cases·in point, see vol. 37, Cent. Dig. New Trial, § 263.]

Appeal from Onondaga County Court.

Action by Ralph A. Wilcox against Josiah Fox. ˙ From an order vacating and setting aside the verdict of the jury in defendant's favor and the judgment entered thereon, and directing a new trial, defendant appeals.  Reversed, and motion to set aside verdict denied.

The action was commenced in the County Court of Onondaga County on the 21st day of March, 1905. to recover the value of medical services alleged to have been rendered to defendant's wife at his special instance and request. The defendant in his answer alleged that such services were rendered at the request of another, and under an agreement that such other would pay for the same, and also that the defendant at the time of the commencement of the action was not a resident of the county of Onondaga.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

O. M. Reilly, for appellant.
Roscoe R. Wilcox, for respondent.

McLENNAN, P. J.  The action, we must assume, was tried upon the issues raised by the pleadings.  Whether or not such issues were properly determined, we cannot know, as the evidence is not before us. As a result of such trial, a jury determined that the plaintiff was not entitled to recover upon the merits, and also by a special verdict found that the defendant was not a resident of the county of Onondaga at the time the action was brought.  Upon such verdict the defendant, as he had a right to do, entered a judgment dismissing the complaint upon the merits, with costs, and served a notice of the entry of such judgment upon the plaintiff's attorney.  Upon the rendition of the verdict by the jury, plaintiff's attorney did not move for a new trial, and, so far as appears by the record, he was entirely satisfied with the manner in which the case had been submitted to the jury by the learned County Court.  After the verdict had been rendered and judgment thereon had been entered, and notice of entry given to the plaintiff by defendant's attorney, the court at which such action was tried adjourned without day, and ceased to exist.  Thereafter the plaintiff's counsel made a motion upon the charge of the court, which is contained in the record, and upon certain affidavits, to have·the verdict so rendered set aside, and the judgment entered thereon vacated.  Defendant's counsel appeared upon the return of such motion, and objected specifically that the court did not have jurisdiction to entertain such motion.  Notwithstanding, the order appealed from was made.

We think it is elementary that a new trial of an action may not be directed unless such motion is made at the term and before the justice who held the same, as prescribed by section 999 of the Code of Civil

98 N.Y.S.—49

Procedure, or else upon a case and exceptions, as prescribed by section 997 of the Code of Civil Procedure. In the case at bar the respondent did not comply with either of these requirements, and therefore we conclude that the learned trial court was without jurisdiction to make the order appealed from.

It follows that the order appealed from should be reversed, with $10, costs and disbursements, and the motion denied, with $10 costs.

Order reversed, with $10, costs and disbursements, and the motion denied, with $10 costs. All concur.