Surrogate's Court, New York County, February, 1919.  [Vol. 106.

Matter of the Estate of ORANGE M. PASCHAL, Deceased.

(Surrogate's Court, New York County, February, 1919.)

New trial — in Surrogate's Court — application to vacate decree of probate denied — wills — appeal.

> An application to vacate a decree of probate and for a new trial must be made upon a case and exceptions.
>
> Where the application is made upon the affidavit of the attorney for the contestants and the technical objection is raised, the application will be denied.
>
> Apart from said technical objection the application herein considered, and denied upon the merits.

APPLICATION to vacate a decree and for a new trial.

Frank Locker, for executor.

D. W. Steele, Jr., for contestants.

FOWLER, S.   This is an application to vacate a decree which admitted the will of the deceased to probate and for a new trial.   The issues raised by the objections of the contestants were tried before the court and a jury, and after both sides had submitted their proof the jury found in favor of the proponent.   The matter was tried at the Trial Term in November, 1918, and this application was made at chambers in December, 1918.   It should therefore be made upon a case and exceptions (*Wilcox* v. *Fox*, 112 App. Div. 560), and as it is made upon the affidavit of the attorney for the contestants it should be denied.

Apart from this technical objection to the application, I am inclined to think that it should be denied upon the merits.   The attorney for the contestants alleges that he had subpoenaed a physician who had

attended the deceased in his last illness, and that in the opinion of the attorney the evidence of the physician would be sufficient to show that the deceased at the time he executed the will was of unsound mind. The matter was on the day calendar of this court for more than a week before it was tried, and the physician was not served with the subpoena until November 12, 1918, at eleven-thirty in the forenoon. The matter came on for trial on November 12, 1918, at ten-thirty A. M. No sufficient excuse is alleged for the failure of the contestants to serve the physician with a subpoena in time to enable him to attend the trial. The papers on this application should also state the substance of the evidence which the physician would give on the trial so that the court could determine whether it would probably change the result.

The attorney also alleges that two other witnesses were subpoenaed, but did not appear at the trial, and that he is informed and believes that they would testify " that long prior to the time of the making of the will in question the decedent was not in his right mind and was easily influenced and was not capable of making a will." It appears that one of these witnesses was served with a subpoena at ten-thirty A. M. of the day of the trial, and the other at nine-thirty A. M. No sufficient excuse is given for the failure of the contestants to serve these witnesses with subpoenas at an earlier date. Besides, the moving papers should contain the substance of the testimony which the witnesses would give on a new trial so that the court could determine whether it would probably change the result. *People* v. *Priori,* 164 N. Y. 472.

The attorney also alleges " upon information and belief " that a half-brother of the deceased was not cited to appear in the proceeding brought to probate

Surrogate's Court, New York County, February, 1919.   [Vol. 106.

the will of the deceased.   The alleged half-brother does not appear in this proceeding either personally or by attorney, and there is no proof of his existence except the allegation, upon information and belief, of the attorney for the contestants.   This is insufficient to warrant the court in opening its decree.   The application is therefore denied.

Application denied.