In the Matter of Proving the Last Will and Testament of MARIE GORI, Deceased, as a Will of Real and Personal Property.

Surrogate's Court, Bronx County, May 4, 1927.

**Wills — probate — application to vacate decree of probate denied — power of Surrogate's Court under Surrogate's Court Act, § 20, subd. 6.**

A decree of probate, made in this estate approximately a year ago, will not be vacated, nor letters testamentary issued thereupon revoked, where the petitioner not only has failed to show that he has evidence which will warrant the vacation of the decree, but also fails to show that said decree was made without jurisdiction or through inadvertence, mistake or fraud.

The power of the Surrogate's Court to open, vacate or set aside a decree under subdivision 6 of section 20 of the Surrogate's Court Act, must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers.

APPLICATION to vacate decree of probate.

*Clark, Close & Davis,* for the executor.

*Edward J. Reilly,* for the petitioner.

SCHULZ, S.   The petitioner, a son of the decedent, applies for an order vacating a decree of probate and revoking letters testamentary issued thereupon.

It appears that when the will was offered for probate, the petitioner appeared by an attorney, filed objections and demanded a jury trial.   An order was made settling the controverted questions

of fact to be submitted to a jury, and thereafter and on June 7, 1926, the proceeding was upon the calendar for hearing. It was adjourned to June 21, 1926, at which time the objections were withdrawn, and thereafter proofs were taken and a decree made admitting the will to probate on the said 21st day of June, 1926. Letters testamentary were thereafter issued on June 23, 1926, under which the executor has been acting since that date.

The petition on this application, verified the 31st day of January, 1927, states that the petitioner did not know of the withdrawal of the objections, and understood that the matter of the probate of the will of his mother was still in litigation. In his affidavit in reply, however, it appears that he was in court on the 21st day of June, 1926, and that in the summer of 1926 he learned that his objections had been withdrawn upon the payment of $100. It would appear, therefore, that at that time he was fully advised as to the situation. The motion papers in this matter were not served until March 1, 1927, so that for a period of over five months after he knew what had occurred this petitioner began no proceeding to assert his rights or to advise the court of the acts of his attorney, now alleged by him to have been performed without his consent or approval. In the meantime, this estate has been in process of administration.

If this delay, under the circumstances stated in the papers, did not constitute laches fatal to this application, it at least makes it necessary that the court exercise great care before it vacates the decree and grants the other relief requested.

The power of the court to open, vacate, modify or set aside a decree is conferred by subdivision 6 of section 20 of the Surrogate's Court Act. (*Matter of Hermann*, 178 App. Div. 182, 191; affd., 222 N. Y. 564; *Matter of Tilden*, 98 id. 434, 442; *Matter of Hawley*, 100 id. 206, 211.) It must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers. (*Matter of Tilden, supra; Matter of Henderson*, 157 N. Y. 423, 427; *Matter of Kranz*, 41 Hun, 463; *Matter of Peck*, 131 App. Div. 81.)

The practice in the Supreme Court is that on an application to vacate a judgment, facts from which the court can satisfy itself that the party has a meritorious defense or cause of action must be shown. (*Bandler* v. *Bandler*, 187 N. Y. Supp. 358; *Fitzgerald Manufacturing Co.* v. *Alexander*, 200 App. Div. 164; *Butterick Publishing Co.* v. *King*, 15 id. 403; *Matter of Paschal*, 106 Misc. 214; *Matter of Leslie*, 175 App. Div. 108, 112; *Matter of Beattie*, N. Y. L. J. June 23, 1926.)

There are no facts set forth in the petition or in the replying

affidavit of the petitioner indicating that he has evidence which will change the result. The statements made by him are rather of conclusions than of facts, and as to many of them he would be incompetent to testify by reason of the prohibition contained in section 347 of the Civil Practice Act. He does not attach affidavits of any witnesses as to what they know about the matter, nor does he state their names or the facts as to which they would testify. It is imperative, if confusion and needless litigation is to be avoided, that finality should characterize decrees of probate, and that they should not be set aside where the party has been duly cited, or has voluntarily filed a valid waiver and consent, unless the party who claims that his rights have been violated sets forth in his application facts which indicate at least a possibility of the success of his contention. As was said in *Matter of Filley* (20 N. Y. Supp. 427, 429): " (1) The opening of a surrogate's decree, formally and lawfully made, requires the exercise of the soundest discretion. (2) It should only be done in extraordinary cases, and where errors are plain, palpable, and beyond any question. *Decker* v. *Elwood*, 3 Thomp. & C. 48; Redf. Law & Pr. Sur. Cts. (4th Ed.) p. 58, and cases cited. It is well settled that a motion to open an order or decree in surrogate's court should be entertained only on newly-discovered facts, showing that it was made without jurisdiction or through inadvertence, mistake, or fraud. *Janssen* v. *Wemple*, 3 Redf. 229. ' Where a party has had his day in court, he must show that it was not his fault that he did not improve it, before he can get another day on the same matter.' *In re Estate of O' Neil*, 46 Hun, 501." (See, also, Jessup & Redfield Surr. [1925 ed.], 274, and cases cited.)

As the papers do not set forth facts sufficient to reasonably indicate that he would be successful if the relief asked were granted, this application will be denied with leave to renew. In order that as little delay as possible may result, the permission to renew the application is granted upon condition that such new application, if made, shall be commenced within twenty days after the service of a copy of the order entered hereon, and that notice thereof shall be given to the attorneys of all parties who appeared by attorney in the probate proceeding.

Settle order accordingly.