In the Matter of the Estate of LUELLA WALTER EISENLOHR, Deceased.

Surrogate's Court, Kings County, October 6, 1934.

*Charles H. Kelby,* for the petitioner, Paul C. Kienast.

*Robert Hoffman,* for the respondents, John F. Carney and Catherine J. Mulcahey.

WINGATE, S. This is an application by a legatee under an alleged prior will of this decedent to vacate the decree of probate made by this court on April 28, 1932. He was not cited in the proceeding and was not entitled to be, since the alleged prior will under which he claims was not filed in this court. (Surr. Ct. Act, § 140; *Matter of Bray*, FOLEY, S., 146 Misc. 415, 416.) His application is, accordingly, addressed solely to the discretion of the court.

It is alleged and not denied that at the time of her death the testatrix was engaged in litigation against the present applicant in an effort to obtain from him an accounting in respect to his conduct of certain of her affairs, and six days after the probate of the will, namely, on May 4, 1932, a stipulation was signed in that action substituting the executors of the probated will in place of the decedent as parties plaintiff. This action was duly prosecuted to judgment and a recovery of $7,434.32 had against the present

applicant, which was affirmed on appeal. Since the applicant could readily have terminated that action by the presentation and probate of the alleged prior will, as he was executor and sole legatee thereunder, it is obvious that he possessed no confidence in its validity or in his ability to defeat the will theretofore admitted to probate. After a careful perusal of the entire record, the court fully shares this skepticism.

It is primary that a decree of probate will not be reopened except upon a demonstration of facts affording a substantial basis for contesting the will and a showing of a reasonable probability of success. (*Matter of Leslie*, 175 App. Div. 108, 112; *Matter of Gori*, 129 Misc. 541, 542; *Matter of Kalmowitz*, 134 id. 508, 510.) The moving affidavits herein do not comply with this requirement.

Over and above all this, however, the applicant has waited for more than twenty-five months after notice of the probate of this will before attempting to assert his alleged rights and has offered no single word in explanation or attempted exculpation of his unreasonable delay in this regard. He has waited until all courts to which he had rightful access have ruled adversely in respect to his controversy with the estate, and apparently as a final means of avoiding the effect of their adjudications, seeks to have this court undermine the status of his successful adversaries. A court of equity should, under such circumstances, scrutinize with especial care the merits of the applicant's position in order to assure itself of the fact that it is not being made a tool in an attempted miscarriage of justice.

In the present instance, even were the merits of the application much stronger than those here disclosed, the court would be compelled to hold that relief is barred by reason of the unexplained laches of the petitioner in asserting his claimed rights. (*Matter of Gori*, 129 Misc. 541, 542; *Matter of Jackson*, FOLEY, S., 134 id. 750, 752; *Matter of Kalmowitz*, Id. 508, 510.)

The petition is, therefore, in all respects denied.

Proceed accordingly.