# REPLOGLE v. COOLIDGE

(No. 1868; February 18, 1935; 41 Pac. (2d) 503)

For the appellant, there was a brief and the cause was argued orally by *G. J. Christie* of Lander.

For respondent, there was a brief and the cause was argued orally by *H. S. Harnsberger,* of Lander.

BLUME, Justice.

This is a case in which the appellant and the respondent both claim the right to be appointed admin-

istrator with the will annexed of Charles B. Coolidge, deceased. The record is extremely meager in presenting facts bearing upon the point in controversy herein. The decedent, Charles B. Coolidge, died on or about the 21st day of August, 1932, in the state of California, leaving a last will and testament. Some of his property is located in Fremont County, Wyoming. The will, dated December 19, 1930, disposes of the decedent's property in the following manner:

"I give, devise and bequeath all my property, both real and personal of whatever nature and wherever situate to my wife Maud F. Coolidge, but if she does not survive distribution thereof to her, then in equal shares to my wife's nephew, Dr. Lawrence W. Faust, of Grand Rapids, Michigan, his wife, Celia Faust, and the then living lawful issue of the said Lawrence W. Faust, *per stirpes,* or to the survivor or survivors of the said nephew, his lawful issue and his said wife Celia Faust, if any one or more of them be not living to receive distribution of their respective shares of my said estate, and should none of said devisees and/or legatees survive to receive distribution of my entire estate as herein provided, then it shall go to the then living heirs at law of my said wife, Maud F. Coolidge, according to the laws of succession of the State of California applicable to separate property then in force. * * * I have, except as otherwise in this will specified, intentionally and with full knowledge omitted to provide for my heirs living at the time of my demise."

The will was duly admitted to probate in the State of California on October 18, 1932, and the Security-First National Bank of Los Angeles was by the California court appointed executor thereof. That executor, however, made no application in this state to have the will probated or to be appointed under ancillary proceedings. On June 13, 1933, however, J. F. Replogle, the appellant herein, filed in the district court of Fremont County, Wyoming, his petition alleging the date

of the death of the deceased; that he left real and personal property in Fremont County, Wyoming; that he died testate, and that the will had been duly admitted to probate in California. He further alleged that he was a creditor of the estate of Charles B. Coolidge, and he asked that the will be admitted to probate and that he be appointed administrator with the will annexed. A copy of the will, together with notations that it had been admitted to probate in Los Angeles, accompanied the petition. On August 1, 1933, H. P. Coolidge, the respondent herein, filed his petition and application in the above named court. He alleged, first, that he had been appointed administrator of the estate by an order entered on June 15, 1933, on the ground that he was a creditor of the estate, and that he had qualified as such; second, that he was a nephew, a son of a brother of decedent, and as such was along with others an heir at law of decedent; third, that as such heir at law he was entitled to letters of administration with the will annexed; fourth, "that the will of the said deceased as offered for probate herein is of such character that it will require judicial construction and interpretation; that it is for the best interests of the estate and the heirs of said estate that the same be administered by a person having a direct interest in its preservation as against the asserted claims of alleged creditors, and that the appointment of any creditor to the exclusion of the heirs, or either of them, would be in prejudice upon their rights and interest."

The applications of the respective parties herein were heard before L. A. Crofts, Court Commissioner. He filed his report, which includes a synopsis of the evidence taken before him. The report, in so far as it relates to the qualification of the appellant herein to

be appointed administrator with the will annexed, states the following:

"The Commissioner requested proof of the capacity in which J. F. Replogle claimed to be entitled to Letters of Administration with the Will Annexed. Dr. J. F. Replogle, being first duly sworn as a witness, testified that he considered himself a creditor of Charles B. Coolidge, deceased, and that the indebtedness was evidenced by written instrument. The Commissioner made a request to see the written instrument, but said instrument was not produced."

The report, in so far as it relates to the qualification of the respondent to act as Administrator with the will annexed, states the following:

"Mr. H. P. Coolidge was duly sworn as a witness * * *. Mr. Coolidge testified that he was the duly appointed, qualified and acting Administrator of the Estate of Charles B. Coolidge, deceased; that he is a son of Harry P. Coolidge and that Harry P. Coolidge, deceased, was a brother of Charles B. Coolidge; that he is the only heir at law of the said Charles B. Coolidge residing in the County of Fremont, State of Wyoming."

The report of the Court Commissioner concludes:

"The Commissioner announced, after the contestant and contestee had each rested his case, that he would find that H. P. Coolidge was a nephew of Charles B. Coolidge, deceased, and by virtue of such relationship was entitled to the appointment of Administrator with the Will Annexed of said Estate."

On September 7, 1933, the court approved the report of the Commissioner, admitted the will to probate, and appointed the respondent herein as administrator with the will annexed. Upon motion of the appellant and the Central Trust Company, representing the estate of the wife of the deceased, the order of September 9, 1933, was set aside and a day set for the hearing upon the objections of the parties herein. That hearing was had on December 1, 1933. No evidence was introduced

on the part of either of the parties hereto as to their respective qualifications to be appointed administrator with the will annexed, but it was agreed during the hearing that the report of L. A. Crofts, Court Commissioner, on file in these proceedings, was substantially correct. The court thereupon, and on December 1, 1933, again made an order admitting the last will and testament of the deceased to probate and again appointed H. P. Coolidge, the respondent herein, as administrator with the will annexed, reciting that he is the next of kin of the deceased, and an heir at law, that he is also a creditor, and all facts and matters considered, is the person best entitled to administer the estate. From this judgment the appellant has taken his appeal to this court, asserting that the order of the court is not sustained by the evidence, and is contrary to law.

1. The respondent claims to be entitled to letters of administration herein, with the will annexed, on the ground that he is a nephew, a son of a brother, of the deceased. He is, however, not interested in the estate from that standpoint, for the reason that he is excluded by the will from taking any of the property of the estate. Section 88-1602, Rev. St. 1931, provides that "if the sole executor or all the executors are incompetent, or renounce or fail to apply for letters or to appear and qualify, letters of administration with the will annexed must be issued as designated and provided for the grant of letters in cases of intestacy." Section 88-1701 provides that in cases of intestacy certain persons, in the following order, shall be entitled to be appointed as administrator, the relatives of the decedent being entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof: 1. The surviving husband or wife. 2. The Children. 3. The father or mother. 4. The

brothers. 5. The sisters. 6. The grandchildren. 7. The next of kin entitled to share in the distribution of the estate. 8. The creditors. It has been held in California, under similar provisions of the statute, that a relative is not entitled to administer the estate as such, if not named in the will of the decedent. In Re Winbigler's Estate, 166 Cal. 434, 137 Pac. 1. In that case the court said:

"The will of deceased did not name an executor, with the result that 'letters of administration with the will annexed must be issued as designated and provided for in granting of letters in case of intestacy.' Code Civ. Proc. § 1350a. Appellant Fannie M. Reid is a child of a deceased brother of deceased (Ira Winbigler), and is entitled to letters under the provisions of Section 1365, Code of Civil Procedure, in preference to respondent, a cousin of deceased, if she 'is entitled to succeed to' the personal estate of deceased or some portion thereof; the section expressly providing that relatives of the deceased are entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof. It is settled that, in view of these provisions, an heir at law of the deceased is not as such entitled to letters of administration with the will annexed, unless he takes under the will, *i. e.*, of course, if the will effectually disposes of all the property of the deceased. See Estate of Crites, 155 Cal. 392, 101 Pac. 316, and cases there cited."

In the case so cited, Estate of Crites, 155 Cal. 392, 101 Pac. 316, the widow of the deceased was not named in the will because suitable provision for her had been made otherwise. It was held that her nominee was not entitled to be appointed administrator with the will annexed as against the daughter who took under the will, the court stating in part:

"Section 1365, in specifying the order of preference in granting letters, contains the important limiting clause that relatives of the deceased are entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof. That this

right of succession is of controlling consideration is well established."

To the same effect are Estate of Mahony, 85 Cal. App. 675, 259 Pac. 1014, and Estate of Star, 203 Cal. 753, 265 Pac. 924.

We have no reason to dissent from this view. The respondent herein is not named in the will of the decedent, but is definitely excluded from the benefits thereunder, and his situation is covered not only by the preface of section 88-1701, but also under subdivision 7 thereof. Counsel for the respondent argues that the devises granted in the will might lapse, and that, accordingly, there is a possibility that the respondent might at some time be able to take part of the property. That contingency is, however, remote, and we cannot, ordinarily at least, decide a case on a mere possibility. Carter Oil Co. v. Pac.-Wyo. Oil Co., on rehearing, 31 Wyo. 452, 228 Pac. 284, 287; Martel v. Hall Oil Co., 36 Wyo. 166, 177, 253 Pac. 862; American Surety Co. v. Broadway Imp. & Inv. Co., on rehearing, 39 Wyo. 194, 216, 274 Pac. 13; Delfelder v. Land & Inv. Co., 46 Wyo. 142, 180, 24 P. (2d) 702, 711. If, as a matter of fact, the contingency might arise, the respondent should have shown it. That is substantially held in In Re Crite's Estate, supra, where the court said:

"It is not meant by this to declare that, notwithstanding the terms of a will, a petitioner, such as a widow, would be forbidden to show that, despite its language, she was entitled to succeed; but in the absence of such showing, her rights are measured by the terms of the instrument under which she seeks to act, and by those terms in the case at bar she is denied the right of administration."

2. Respondent further claims that he is entitled to be appointed as a creditor of the estate. The court so found, but that finding is, as we have seen, based upon

no evidence. Counsel for respondent, however, contends that other proceedings, namely, those in case No. 1602 of the court below, in which appellant was appointed simple administrator (without the will annexed), show that respondent is a creditor, and respondent has filed a motion to make these proceedings a part of the record herein. The proceedings mentioned show that the respondent filed his petition to be appointed administrator of the estate, alleging that he was a creditor, and that no will had been found. This petition was filed on June 13, 1933. Letters of administration were ordered to be issued on June 14, 1933. That order does not recite the reason why respondent should be appointed; that is to say, that petitioner was a creditor. The petition of the appellant herein was also filed on June 13, 1933, being docketed separately as Case No. 1603. As already stated, it alleges the existence of a last will and that petitioner is a creditor. The will had been on file at Los Angeles, the residence of the deceased, for about nine months previously, and had been duly admitted to probate there. The allegation of respondent, therefore, on June 13, 1933, that no will had been found, was not correct, and the facts in the case give the impression of a race as to who should be appointed to administer the estate. However that may be, counsel for respondent contends that all the proceedings relate to the same estate; that the papers in Case No. 1603 above mentioned, should have been filed in Case No. 1602, and that the records in the latter show that respondent is a creditor of the estate. But simply because both proceedings mentioned herein relate to the same estate does not show that appellant is bound by the proceedings in Case No. 1602 to which he was not a party, or even that they constitute any evidence as against him. Only the application of respondent in Case No. 1602 alleges or states that he is a creditor. Why that application should be evidence

against the appellant is not perceived. We have looked in vain, in the order of June 14, 1933, of the court commissioner, by which the respondent was appointed administrator, ·or in the court's order confirming the action of the court commissioner, for a finding that the respondent was or is a creditor of the estate. But even though these orders might be considered as inferentially finding that to be true, which is probably doubtful, since the appointment may have been made on other grounds, still it would not follow that it would be any evidence in so far as the appellant is concerned that respondent is a creditor. The proceeding in Case No. 1602 was *ex parte;* the orders therein were probably made without the production of any evidence. The appellant was neither a party thereto, nor had he any reasonable opportunity to file objections therein, and he could not, accordingly, be held to be bound or prejudiced thereby. Counsel for respondent have not cited us to any authority holding the contrary. In Jones on Evidence, (2nd Ed.) Sec. 1814, it is aptly stated that:

"It is the generally accepted rule that 'a transaction between two parties in judicial proceedings ought not to be binding upon a third.' For it would be unjust to bind any person who could not be admitted to make a defense, or to examine witnesses, or to appeal from a judgment he might think erroneous; and therefore, the depositions of witnesses in another cause in proof of a fact, the verdict of the jury finding the fact and the judgment of the courts upon facts found, although evidence against the parties and all claiming under them, are not, in general, to be used to the prejudice of strangers."

Freeman on Judgments (5th Ed.), Sec. 1040, states as follows:

"A judgment may be offered in evidence of two purposes: 1. To establish the mere fact of its own rendition, and those legal consequences which result from that fact; 2. In addition to the first purpose, for the further purpose of proving some other fact as found

by that verdict, or upon whose supposed existence the judgment is based. For the first of these purposes every judgment is admissible in evidence against the whole world, though as to the second it is ordinarily *res inter alios acta* as against those who are neither parties nor privies to or bound by it in accordance with the principles elsewhere discussed. Judgments *in rem*, for some purposes, are considered as admissible against all persons; but their nature and effect will be made the subject of a separate chapter."

In subsequent sections of the same work judgments *in rem* are discussed. Assuming that the probate of an estate is in some respects at least a proceeding of that nature, we quote from Section 1519 of the last named author:

"As a judgment which is strictly *in rem* binds all persons, whether named as parties therein, or in any anterior part of the record or proceedings, or not, it must follow that the proceedings must be such as may indicate to all persons that their interest in the subject matter is or may be imperilled, and that they may appear at some time and place for the purpose of making known and protecting their interests, for as against claimants having no notice of the proceedings and no opportunity to be heard, it is not judicial in its character, and whatever may be determined against them is not entitled to respect as a judgment."

From whatever viewpoint, accordingly, we may consider the proceedings in Case No. 1602, supra, they could not, as to the point in controversy here involved, be held to be binding upon or be considered as evidence against, the appellant herein, who was not a party thereto, nor had any opportunity to make his objections. And this, in fact, appears to be confirmed by Section 88-1904, Rev. St. 1931, which provides that upon the hearing of a contest as to the appointment of an administrator, the "allegations and proofs of the parties must be heard." Section 88-1001 provides that letters of administration shall be revoked if a will is

found subsequently. But it seems to be unnecessary to consider the effect thereof in this proceeding. We must accordingly hold, that the court was in error in appointing the respondent herein upon either of the grounds hereinbefore discussed.

3. Counsel for the respondent, however, further argues, that the appellant failed to produce sufficient proof that he was entitled to have letters issued to him, in that he failed to produce the written evidence of indebtedness, when he was asked to do so, and in that he merely stated that he "considered" himself as a creditor of the estate. Taking appellant's testimony as to the indebtedness, however, as a whole, particularly in view of his petition for letters, we think he fairly meant to state that he was a creditor. We do not know why he failed to produce the document evidencing the indebtedness. The court, of course, was entitled to know whether his claim was true or not, and while we do not undertake to determine, at this time, the particularity in which proof of indebtedness should be produced when asked in a case of this character, we are not prepared to say that when the claim of indebtedness is based upon a written document, and there is a refusal to produce it, when the court asks for it, that that is not a sufficient ground for making an adverse finding. But no adverse finding was made in the case at bar. Nor was there a refusal, but only a failure to produce the written document, and that may have been caused by reasons for which appellant was not responsible. At least the record is by no means clear that appellant should be punished in this case for such failure. Moreover, the court merely found that respondent, "all facts and matters considered, is the person best entitled to be the administrator of the estate with the will annexed." This seems to imply that while the court considered the appellant qualified,

the respondent was more so, and that this was in the court's mind is rendered probable by the fact that no objections against the appellant's qualifications were ever made or urged, except, as will appear more clearly hereafter, the fact that he was a mere creditor, which, under the circumstances shown herein, was not a valid ground. In any event, in view of the further fact that the court plainly proceeded upon a wrong theory in making his order of appointment, we cannot, we think, hold the foregoing objection of counsel for respondent well taken and believe that a new trial should be ordered, so that the case may be properly tried according to the law governing it. Our statute does not regulate the priority of right among creditors, and, if accordingly, both applicants are found to be qualified, the appointment must be left to the court's discretion. Barrett v. Barrett, 22 Wyo. 281, 289, 138 Pac. 865, 141 Pac. 95. See 23 C. J. 1043. This is conceded by counsel for appellant.

3. In view of a new trial herein, we should, perhaps, briefly notice some other points urged by counsel for appellant. Respondent, in order to prevent the issuance of letters of administration, with the will annexed, to appellant, filed his petition or application on August 1, 1933, which evidently was intended to conform with Section 88-1903, Rev. St. 1931. That section provides:

"Any person interested may contest the petition (for letters) by filing written opposition thereto, on the grounds of the incompetency of the applicant, or may assert his own right to the administration and pray that letters be issued to himself. In the latter case the contestant must file a petition and must submit evidence in support thereof, taking or reduced to writing before the clerk or commissioner of said court. And the court or judge must hear the two petitions together."

The substance of this petition has already been set out. It is urged by counsel for appellant that it is wholly insufficient. It would seem that under the section of the statute just quoted it is not necessary to file a petition when a contestant merely means to contest the application of another to be appointed to administer an estate, and when he does not himself desire to be appointed. When the contestant, however, desires to be appointed himself, then he must file a petition and allege and prove his own qualifications to be appointed. In the case at bar, the contestant, the respondent herein, undertook to contest the right of the appellant, but only upon the ground that he at most was a mere creditor, which, of course, would not be sufficient, unless he himself had a better right. To show such better right, and the fact that he was entitled to be appointed, he alleged that he was an heir at law. This, on its face, was sufficient. But it was insufficient in view of the provisions of the will of the decedent, as we have already shown. It is at least doubtful that the allegation that on June 14th, 1933, he was appointed as administrator of the estate as a creditor is sufficient to show that on August 1st, 1933, he was entitled to letters of administration with the will annexed. But we need not discuss the point further, inasmuch as the petition may be amended during the future proceedings herein.

4. Counsel for appellant further contends that respondent is antagonistic to the interests of the estate, and that hence it would be an abuse of discretion to appoint him as administrator with the will annexed. Counsel claims that the fourth paragraph of respondent's petition of August 1, 1933, shows such antagonism. The meaning of that paragraph is uncertain, and we could not determine the respondent's qualification from that alone. Nor do we think that we should at

this time pass on the broad assertion of counsel that antagonism to the interests of the estate is a proper ground for rejecting respondent's application. We might say, however, that in a sense at least a creditor's claim may be said to be antagonistic to others interested in the estate, but that itself is not a proper objection. 23 C. J. 1047. Counsel cites Rice v. Tilton, 13 Wyo. 432, and Kidd v. Bates, 41 L. R. A. 155. It seems that he has misread both of these cases. Both apparently take the ground directly opposite of that which counsel claims for them. See further on this subject 23 C. J. 1047.

For the reasons heretofore pointed out, the judgment of the trial court is reversed, and the cause is remanded to the lower court with direction to vacate the order of December 1, 1933, and for further proceedings not inconsistent with this opinion.

*Reversed and Remanded.*

KIMBALL, Ch. J., and RINER, J., concur.