In the Matter of the ESTATE of Lawrence Godfrey JOHNSON, Deceased.

Carl A. JOHNSON, Appellant (Petitioner below),

v.

George P. SAWYER, Administrator with Will Annexed of the Estate of Lawrence Godfrey Johnson, Deceased, Appellee.

No. 3115.

Supreme Court of Wyoming.

March 22, 1963.

Carl A. Johnson, appellant, pro se.

George P. Sawyer, Torrington, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

Lawrence Godfrey Johnson, a resident of Goshen County, died testate February 4, 1961. Testator's primary designee as executor having predeceased him, the named alternate, Halcomb, was appointed and qualified in April 1961. Thereafter he proceeded with the probate, publishing notice to creditors, arranging inventory and appraisement, and making sale of certain realty. On July 21 he died, and thereafter his attorney, Sawyer, petitioned for and was granted letters of administration with will annexed and continued the probate, publishing notice of final settlement on November 9, providing that the same would be made on December 11. On December 9, Carl A. Johnson, half brother of Lawrence Godfrey Johnson, filed a "Petition for Revocation and Prayer for the Issuance of New Letters of Administration with the Will Annexed" and "Objections to Final Settlement and Distribution." The probate court denied the petition for revocation and petitioner has appealed. Simultaneously with the denial the court entered a decree of distribution and determination of heirship so that the estate could now be closed.

Appellant takes the position that being a half brother of the deceased he is entitled to administer under the provisions of § 2–93, W.S.1957, and that in accordance with §§ 2–107 and 2–206 to 2–208, W.S.1957, when letters of administration have been granted to persons other than one of those named in § 2–206, on a petition of one of them, the outstanding letters must be revoked and the party entitled to probate must be appointed in his stead. He refers to the will which provided, among other things:

"1. I hereby recognize that I have a step-mother, three half-brothers and

one half-sister, but it is my express intention not to provide any substantial benefits for said step-mother, half-brothers and half-sisters by this my last will and testament.

"2. I hereby give and bequeath to my step-mother, half-brothers Carl A. Johnson, Elmer Johnson and Ed Johnson, Cheyenne, Wyoming and to my half-sister, Edna Johnson, * * * each the sum of $1.00."

He recognizes this court's statement, interpreting the predecessor of § 2–93, in In re Coolidge's Estate, 47 Wyo. 488, 41 P.2d 503, that the relatives of decedent are entitled to administer only when they are entitled to succeed to some portion of decedent's property, but he argues that the one dollar which he received under the will was an inheritance rather than a disinheritance and entitled him to the full benefit of the mentioned statutes.

■ It is elementary and even axiomatic that a bequest of a nominal sum, often a dollar but sometimes more, to a child or descendant of a testator is for all practical purposes equivalent to complete disinheritance, and is treated by the courts as such. In re Talmage's Estate, 114 Cal.App.2d 18, 249 P.2d 345; In re Frinchaboy's Estate, 108 Cal.App.2d 235, 238 P.2d 592; Jourden v. Meier, 31 Mo. 40; Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; 57 Am.Jur. Wills § 582; 95 C.J.S. Wills § 616, p. 843; 69 C.J. 100, n. 23 [c] (2); Annotation, 152 A.L.R. 723, 725.

■ There is no merit in appellant's contentions. Additionally, the petition for revocation here came at a time when the probate was substantially completed, and it is essential that for a petition of revocation to be favorably considered it must have been made within a reasonable time. Succession of Perot, 223 La. 412, 65 So.2d 895; 33 C.J.S. Executors and Administrators § 85c; and see In re Gori's Will, 129 Misc. 541, 222 N.Y.S. 250.

The order of the probate court is affirmed.